liPETERS, J.,
concurring in part and dissenting in part.
I agree with the majority opinion in all respects except for its affirmation of the WCJ’s denial of SEBs after May 15, 2002. In affirming the WCJ’s denial of those SEBs, the majority notes: “The defendant-employer advised Mr. Short it had a job available for him in Alexandria at his regular hours and rate of pay with the modified duties approved by his treating surgeon. The position was available on May 15, 2002. When Mr. Short did not accept the position, his SEBs were terminated effective that date. Mr. Short ultimately acquired employment on his own in his geographical area [Butte Larose].” (Emphasis added.)
In denying the claim for continuing SEBs, the WCJ stated in part:
The real issue here is the issue that surfaced previously in Haynes versus Williams Fence and Aluminum, which— which matter this Court understands a writ application has been taken by the Supreme Court. It’s yet to be determined what the Supreme Court will do with this issue, but the issue in Haynes was this individual who resided in and around the Alexandria or Pineville area had moved to, guess where, Breaux Bridge, the same place Mr. Short’s moved to, and that the — the payor of benefits did not do vocational rehabilitation in the new locale of the injured worker.
The Third Circuit decided in Haynes that the — the statute with respect to vocational rehabilitation says they have to show job availability in the — in the place of thé employee’s general geographic area and/or the employer’s reasonable geographic area.
This Court concludes that based on the Haynes decision that reasonable vocational rehabilitation was performed on behalf of the payor of benefits, Allen Johnson Builders, that there — there was at the time of the termination of benefits a job available, a modified job meeting the restrictions. There’s no evidence that the job offered by RAllen Johnson to Mr. Short was outside of his physical restrictions. ...
So I think the termination of SEB is appropriate. ... [Tjhere’s no evidence presented by Mr. Short that he cannot earn ninety percent of his pre-injury wage because the job as offered by the — the employer of injury and pays the same pay and there’s no loss. There’s no showing that he can’t earn ninety percent of his pre-injury pay.
The majority finds that the WCJ did not err in failing to award continuing SEBs because Short failed to meet his initial burden of proving that he is unable to earn ninety percent or more of his pre-injury wages. I disagree. As noted by the majority, Short had been released to “limited *697 duty work,” with some temporary physical restrictions. Allen Johnson even acknowledged this by its offer of modified employment, albeit at the same rate of pay. It is apparently undisputed that Short cannot return at this time to the job duties he performed prior to the work accident— thus, he has established a disability that prevents him from earning ninety percent or more of his pre-injury wages. The fact that Allen Johnson offered him modified employment at his same rate of pay does not go to the issue of Short’s initial burden of proof but to the issue of Allen Johnson’s subsequent burden of proving that there is a job that Short is physically capable of performing that was available to him. It is clear that the WCJ confused these two steps and determined that, because Allen Johnson met its burden of proof, Short would be unable to meet his initial burden of proof. This is legal error.
Further, at the time the WCJ decided the instant case, he applied our analysis in Haynes v. Williams Fence & Aluminum, 01-0026 (La.App. 3 Cir. 7/25/01), 805 So.2d 215, wherein we held that an employer is required to prove that a job is available to the employee in either the employee’s or the employer’s community or reasonable geographic region. In that case, although the Pineville area was no longer in the | ^employee’s community or reasonable geographic region due to his move, it was in the employer’s community or reasonable geographic region. Thus, we held that the employer did not owe continuing vocational rehabilitation. Under our holding in Haynes, the WCJ would have been entirely correct in holding that Allen Johnson’s offer of employment in Alexandria was sufficient to discharge its burden of proof.
However, following the WCJ’s judgment in this case, the supreme court reversed our holding in Haynes, in its consolidation of that case under the case of Fontenot v. Reddell Vidrine Water District, 02-0439, 02-0442, 02-0478 (La.1/14/03), 836 So.2d 14. Specifically, the supreme court held that, “because of the passage- of time since the date of injury and because financial circumstances required [the employee] to relocate a significant distance from the place of his former employment,” id. at 28, a return of the employee to the same position or a modified position was no longer appropriate. That case is almost indistinguishable from the case at hand. Because of the passage of time and the financial circumstances requiring Short to relocate a significant distance from the place of his former employment, Allen Johnson was required to show an available job in Short’s reasonable geographic region, Butte Larose. The fact that Short ultimately obtained employment in Butte Larose on his own does not excuse Allen Johnson’s termination of SEBs prior to that time. Thus, I respectfully disagree with the majority’s affirmation of the denial of continuing SEBs.